UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

   Petitioner,

 v.             CAUSE NO. 3:21-CV-571 DRL-MGG

WARDEN,

   Respondent.

OPINION AND ORDER

  Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-4-142) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

  Mr. Dodd argues that he is entitled to habeas relief because he spit on a correctional officer in an effort to defend himself against the correctional officer's use of force and that the correctional staff falsified the conduct report by omitting the sequence of events preceding the act of spitting. "The Supreme Court has clearly established that a prosecutor's knowing use of perjured testimony violates the Due Process Clause." *Schaff v. Snyder*, 190 F.3d 513, 530 (7th Cir. 1999). "When the defendant argues that the

government allegedly used perjured testimony, to warrant setting the verdict aside and ordering a new trial, the defendant must establish that: (1) the prosecution's case included perjured testimony; (2) the prosecution knew or should have known of the perjury; and (3) there is a reasonable likelihood that the false testimony could have affected the judgment of the jury." *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001).

The conduct report reads, "On 4-27-21 at approximately 3:20 p.m. as Dodd was coming out of his cell, as he leaned back towards me he spit in my face causing his saliva to get in my eye." ECF 1-1 at 1. While the conduct report does not describe the circumstances preceding the act of spitting, Mr. Dodd admits that he spit in the correctional officer's face and does not dispute the truth of any the facts alleged in the conduct report. Based on the information provided in the petition, the court concludes that the correctional officer did not falsify the conduct report.

Mr. Dodd may also be arguing that the hearing officer did not have sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's

2

decision."). There is no constitutional right to assert self-defense in a prison disciplinary proceeding. *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007). The claims that the correctional officer falsified the conduct report and that the hearing officer lacked sufficient evidence are not bases for habeas relief.

Next, Mr. Dodd argues that he is entitled to habeas relief because he did not receive adequate notice of his charges or a copy of the written decision. He explains that correctional staff screened the inmate in the cell next to his cell and that he also received the copy of the written decision from that inmate.

> [W]ritten notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary hearing officer].

*Wolff*, 418 U.S. at 564. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987).

Mr. Dodd offers no explanation as to how receiving the written decision from another inmate prejudiced him. According to Mr. Dodd, the unusual screening process[1]

---

[1] According to the screening report, Mr. Dodd refused screening by telling the screening officer to get away from his door, by using expletives, and by banging on his door. ECF 1-1 at 2.

3

deprived him of the opportunity to request evidence, but he does not describe the evidence he would have requested or how it would have affected his ability to defend the disciplinary charge against him. Given that Mr. Dodd concedes that he spit on a correctional officer and given the unavailability of self-defense as an affirmative defense, the inability to request evidence amounts to, at most, harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same).

Mr. Dodd further asserts that the screening process deprived him of the opportunity to request a lay advocate, but Mr. Dodd's filings demonstrate his literacy, and the charge that he spit on a correctional officer was not particularly complex. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) ("[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case."). His claims are not a basis for habeas relief.

Because Mr. Dodd has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Dodd wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not *proceed in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jermaine D'Shann Dodd leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

September 16, 2021 *s/ Damon R. Leichty*
Judge, United States District Court